IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JACQUES PIERRE, #305613, | ) Civil Action No. 3:09-226-CMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| JON E. OZMINT, DIRECTOR, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

Plaintiff, Jacques Pierre, filed this action on January 30, 2009.[1]  He is an inmate at the Evans

Correctional Institution of the South Carolina Department of Corrections ("SCDC").  Defendant

SCDC Director Jon Ozmint ("Ozmint"), filed a motion for summary judgment on June 10, 2009.

Because Plaintiff is proceeding pro se, he was advised on June 11, 2009, pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary

judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint.

Plaintiff filed a response on July 22, 2009.  Plaintiff also filed his own motion for summary judgment

on August 14, 2009.   On December 9, 2009, the undersigned ordered that Defendant produce the

transcripts of certain disciplinary hearings to Plaintiff and also extended the time (until January 25,

2010) for Plaintiff to file any further materials in opposition to Defendant's motion for summary

judgment.  Plaintiff filed a number of letters (see Docs. 42-45) concerning discovery, but no further

supporting memoranda or materials.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC.  Because these
are dispositive motions, the report and recommendation is entered for review by the court.

## MOTION TO STRIKE ANSWER TO COMPLAINT

On May 7, 2009, Plaintiff filed a motion to strike Defendant's answer. He appears to argue that the answer should be stricken pursuant to Fed. R. Civ. P. 12 because it is vague, is insufficient to state a defense, fails to address the material allegations in his complaint and memorandum, and has not "applied the facts, law, and evidence into [his] pleading, which makes it too vague for a proper response." Doc. 14.

Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir., 2001) (internal citations and quotations omitted). "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted. Accordingly, a motion to strike matter from an answer will not be granted, unless the moving party demonstrates that the challenged material is so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense such that its presence in the pleading throughout the proceeding will be prejudicial to the moving party." McIntyre-Handy v. APAC Customer Servs., 2006 WL 721383 (E.D.Va. Mar. 20, 2006) (internal citations and quotations omitted).

The Federal Rules of Civil Procedure require that defenses be set out in the pleadings in order to give notice to the opposing party of the issues and to afford the opposing party an opportunity to argue its position. See Fed. R. Civ. P. 8(b);[2] Richmond Steel, Inc. v. Legal and General Assur. Soc.,

---

[2]This Rule provides, in part:
(1) In General. In responding to a pleading, a party must:
(A) state in short and plain terms its defenses to each claim asserted against it; and
(B) admit or deny the allegations asserted against it by an opposing party.

(continued...)

821 F.Supp. 793 (D.P.R. 1993). Review of Defendant's answer reveals that it comports with Rule 8(b) and should not be stricken.

Plaintiff brought his motion to strike pursuant to Fed. R. Civ. P. 12(f). This rule provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1)    on its own; or
> (2)    on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Plaintiff has not shown that Defendant's defenses are insufficient, redundant, immaterial, impertinent, or scandalous.

## MOTION FOR ENTRY OF DEFAULT

On August 25, 2009, Plaintiff filed a motion for entry of default pursuant to Federal Rule 55.[3] Plaintiff appears to argue that default should be entered because Defendant's response to his motion to compel was not timely. Defendant contends that this motion should be denied because he appeared and defended this action.

Plaintiff fails to show that he is entitled to default judgment under Rule 55 as he has not shown that Defendant failed to plead or otherwise defend. Defendant filed a timely answer, filed a motion for summary judgment, and has responded to Plaintiff's motions.

---

[2](...continued)
Fed. R. Civ. P. 8(b).

[3]This Rule provides:
When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
Fed. R. Civ. P. 55(a).

**MOTION FOR CONTEMPT**

Plaintiff filed a motion for contempt on August 25, 2009. He appears to argue that his motion should be granted because Defendant failed to respond to his discovery requests which constituted a violation of the scheduling order in this action. Defendant contends that Plaintiff's motion should be denied because he served Plaintiff with responses to his requests, including eighteen pages of responsive documents.

Plaintiff fails to show that Defendant should be held in contempt. As noted in the undersigned's December 9, 2009 order ruling on Plaintiff's motion to compel, Defendant served Plaintiff with discovery responses which substantially complied with Plaintiff's discovery requests, with the exception of Plaintiff's request for transcripts of certain disciplinary hearings. Defendant was ordered to provide Plaintiff with such transcripts (if available), provide copies of the audiotapes (if security allowed) of those hearings, or allow Plaintiff to review the hearing tapes. There is nothing in the record to indicate that these items have not been provided to Plaintiff.

**MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff alleges that Defendant violated his Eighth and Fourteenth Amendment rights by failing to afford him substantial due process regarding grievances he filed with SCDC. He claims that this caused him to suffer cruel and unusual punishment. Additionally, Plaintiff may also be alleging that good-time credits have been taken from him without due process.[4] Plaintiff contends that he is entitled to summary judgment because Defendant violated his Eighth and Fourteenth

---

[4]Plaintiff also appears to allege that he is not able to earn good-time credits. Although a prisoner may have due process rights as to good-time credits which are taken away from him, the opportunity to earn good-time credits is not a constitutionally established liberty interest. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see Sandin v. Conner, 515 U.S. 472 (1995).

Amendment rights by failing to afford him substantial due process as to his grievances, Defendant failed to respond to his discovery, and there are no genuine issues for trial. Defendant contends that he is entitled to summary judgment because: (1) Plaintiff failed to state a cause of action against him; (2) he is not a person as defined by 42 U.S.C. § 1983; (3) Plaintiff fails to show that his Eighth Amendment rights were violated; (4) Plaintiff has not alleged facts sufficient to establish he was denied due process in violation of his Fourteenth Amendment rights; (5) Plaintiff's claims may not be premised on the doctrine of respondeat superior; (6) Ozmint is entitled to qualified immunity; (7) Plaintiff has not exhausted his administrative remedies;[5] (8) Plaintiff is not entitled to monetary

---

[5]"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the Prison Litigation Reform Act's ("PLRA"), 42 U.S.C. § 1997, exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The Fourth Circuit, in Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674 (4th Cir. 2005), held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies." Id. at 683.

Defendant contends that Plaintiff failed to exhaust his administrative remedies as to his claims because he did not appeal the denial of his grievances to the South Carolina Administrative Law Court and/or failed to appeal to the South Carolina Circuit Court, Court of Appeals, and Supreme Court. The fact that the South Carolina Legislature made a court available to prisoners who wanted to appeal a final decision by a jail facility denying a grievance, however, does not alter the federal PLRA by extending its administrative exhaustion requirements to include exhaustion in all state judicial forums. In § 1983 matters, Congress only intended that "administrative remedies" be satisfied. See e.g., Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)(exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court), cert. denied, 437 U.S. 949 (2002); Brown v. Evans Corr. Inst. Med. Staff, 2007 WL 1290359, at *4 (D.S.C. April 30, 2007).

damages; and (9) this action should be dismissed pursuant to 28 U.S.C. § 1915(a) and § 1915(e) and should count as a strike.

## 1. **Grievances/Failure to Follow SCDC Policies**

Plaintiff appears to allege that Defendant violated his constitutional rights by failing to properly process his grievances or follow SCDC policies. The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Even assuming that Defendant violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983. See Brown v. Dodson, 863 F. Supp. 284 (W.D.Va. 1994). Further, allegations that Defendant did not follow SCDC policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

## 2. **Due Process**

Plaintiff appears to allege that he has been denied due process as to his disciplinary hearings because he lost good-time credits. Although Plaintiff was convicted or accepted an administrative resolution as to nine disciplinary infractions, he only lost good-time credits as to offenses he committed on April 12 and September 17, 2005.[6]

---

[6]Plaintiff attached a number of Disciplinary Report and Hearing Record forms to his opposition memorandum. These forms show that Plaintiff lost good-time credits on only two
(continued...)

Janice Kenealy, an SCDC employee in the Inmate Records Office, provided copies of records relating to Plaintiff's disciplinary convictions. She states that on April 12, 2005, Plaintiff was charged with the disciplinary offense of stealing dough and drain yeast. On April 18, 2005, a disciplinary hearing was held and Plaintiff was convicted of stealing. The sanctions imposed included 30 days loss of canteen privileges, 30 days loss of phone privileges, 30 days loss of visitation privileges, and 30 days loss of good-time credits. On September 17, 2005, an officer ordered Plaintiff to return to his dorm after Plaintiff attempted to eat a second dinner. Plaintiff allegedly refused several directives to leave the cafeteria, threw down his identification card, and when ordered to pick up his card, confronted the officer with his fists balled in a threatening manner. The officer took out her can of pepper spray and Plaintiff left the cafeteria in the custody of a second officer who placed Plaintiff in the Special Management Unit. Plaintiff was charged with threatening to inflict harm. On October 10, 2005, a disciplinary hearing was held and Plaintiff was convicted of threatening to inflict harm. The sanctions imposed included 180 days loss of canteen privileges, 180 days loss of phone privileges, 180 days loss of visitation privileges, and 60 days loss of good-time credits. Kenealy Aff.

Where a prison disciplinary hearing may result in the loss of good-time credit, <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), holds that due process requires the following:

1. Giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;

---

[6](...continued)
occasions. <u>See</u> Exs. M and O (showing loss of good-time credits for offenses committed on April 12 and September 17, 2005); Exs. N, P, Q, R, and S (showing no loss of good-time credits for offenses committed on June 19, 2005, April 19, 2007, November 3, 2007, January 13, 2008, and February 1, 2008); Ex. A (Administrative Resolutions of November 7, 2007 and October 2, 2008 incidents showing no loss of good-time credits)

2.    Providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

3.    Allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4.    Permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5.    Providing impartial fact finders.

Wolff, 418 U.S. at 563-576. Due process in prison discipline decisions is satisfied if there is "some" evidence to show that the inmate committed the offense. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the board's decision. Id. at 455-56. This standard does not require an examination of the entire record, or a reweighing of the credibility of witnesses and other evidence. Id.; see also Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990).

Plaintiff fails to show that his due process rights were violated as to his April 18, 2005 or October 10, 2005 disciplinary hearings. The Disciplinary Report and Hearing Record forms from the hearings in question reveal that Plaintiff received notice at least twenty-four hours prior to his hearings, he had the opportunity to call witnesses and present documentary evidence, and he received written statements by the fact finder as to the evidence relied on and the reasons for the actions. See Attachments to Kenealy Aff.; Plaintiff's Opp. Mem. Exs. M and O. Plaintiff makes vague claims that the hearing officers were impartial, but has presented nothing to support his claims.

Alternatively, it is recommended that any due process claims concerning Plaintiff's disciplinary hearings where he lost good-time credits be dismissed sua sponte as barred by Heck v. Humphrey, 512 U.S. 477 (1994)[7] and Edwards v. Balisok, 520 U.S. 641 (1997)(Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); see also Kerr v. Orellana, 969 F. Supp. 357 (E.D.Va. 1997)(holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck). Plaintiff has not shown he successfully attacked these disciplinary hearing convictions. Plaintiff cannot maintain a § 1983 action, whether for restoration of good-time credits, monetary damages, or injunctive relief related to the hearing, if a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding. Here, the awarding of damages and/or injunctive relief to Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing and thus his claim is barred under Heck and Edwards.

Since the Edwards decision, the Supreme Court has limited the holding in Heck in cases involving prison disciplinary proceedings. See Muhammad v. Close, 540 U.S. 749 (2004). In Muhammad, the plaintiff sought only monetary damages in his § 1983 suit and therefore the action could not be:

> construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence. That is, he raised no claim on which habeas relief could have been granted on any recognized

---

[7]The Supreme Court, in Heck v. Humphrey, 512 U.S. 477 (1994) determined that where a prisoner files an action under § 1983 which would necessarily implicate the validity of his conviction, he may not pursue the damages claim unless and until he successfully attacks the conviction on which his suit is based.

theory, with the consequence that <u>Heck's</u> favorable termination requirement was inapplicable.

<u>Id.</u> at 754-755. Here, the challenged disciplinary proceedings resulted in the loss of good-time credits. A judgment in Plaintiff's favor (he requests that his good-time credits be restored) could, therefore, be construed as a judgment at odds with the "State's calculation of time to be served in accordance with [Plaintiff's] underlying sentence." <u>See</u> <u>Muhammad</u> at 755.

To the extent that Plaintiff is implicating the duration of his confinement by requesting that good-time credits be restored, he is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). A plaintiff who wishes to challenge the duration of his confinement must obtain habeas forms from the Clerk of Court and file a separate action.[8]

Plaintiff may also be attempting to assert due process claims as to his other disciplinary convictions because he was sentenced to time in disciplinary detention and/or lost canteen, visitation, or telephone privileges. The due process procedures required by <u>Wolff</u> and its progeny are not

---

[8]Plaintiff should also note that a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 can only be sought after he has exhausted all of his remedies in the courts of the State of South Carolina. <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270 (1971); <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 490-491 (1973). There is no indication here that Plaintiff appealed the final SCDC decision pursuant to the South Carolina Administrative Procedures Act ("APA"), S.C. Code Ann. § 1-23-310 through § 1-23-400. <u>See</u> <u>Al- Shabazz v. South Carolina</u>, 527 S.E.2d 742, 754-756 (S.C. 2000). Under the APA, if an inmate is not satisfied with the agency's final decision, the prisoner must first file an appeal with the South Carolina ALC. <u>See</u> S.C. Code Ann. § 1-23-380; <u>Furtick v. South Carolina Dep't of Corr.</u>, 649 S.E.2d 35, 37-38 (S.C. 2007)(ALC had jurisdiction over loss of good-time credits which inmate was unable to earn due to reprimand for a rule infraction); <u>see</u> <u>also</u> <u>Dicks v. South Carolina Dep't of Corr.</u>, No. 06-663, 2006 WL 1207851 (D.S.C. May 2, 2006).

required unless the challenged discipline "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995) (rejecting inmate's claim that either the Constitution or Hawaii statutes required due process for placement in disciplinary segregation).

Plaintiff fails to show a constitutional violation concerning his custody placement. Generally, prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983)(no constitutional right under the Due Process Clause to a particular security classification or prison placement). An inmate does not have a constitutional right to be confined in a particular location. See Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483. In Sandin, the Court concluded that the plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485. Under the analysis set forth in Sandin, Plaintiff cannot show that he has a protected liberty interest in his security or custody classification. Id. at 483-85; see Backey v. South Carolina Dep't. of Corrections, 73 F.3d 356, 1996 WL 1737 (4th Cir. Jan. 3, 1996) [Table](allegations of wrongful placement in administrative segregation do not involve the kind of significant or atypical hardship necessary to invoke due process rights); Joseph v. Gillespie, 73 F.3d 357, 1995 WL 756280 (4th Cir. December 21, 1995)[Table]("Administrative segregation is not an 'atypical and significant hardship' relative to the ordinary incidents of prison life

that would give rise to a liberty interest protected by any procedure."); <u>Reffritt v. Nixon</u>, 917 F. Supp. 409, 412 (E.D.Va. 1996)(plaintiff has no protected interest in remaining in or being released into general population), <u>aff'd</u>, 121 F.3d 699 (4th Cir. 1997).

Plaintiff fails to show that he has a liberty interest in making phone calls. <u>See</u> <u>U.S. v. Alkire</u>, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr.10, 1996)(no constitutional right to the use of a telephone in prison); <u>Hadley v. Peters</u>, 70 F.3d 117 (7th Cir. 1995)[Table]("The denial of telephone privileges for ten days is not a matter of constitutional dimension."), <u>cert</u>. <u>denied</u>, 517 U.S. 1111 (1996); <u>May v. Baldwin</u>, 895 F. Supp. 1398, 1409 (D.Ore. 1995)(brief suspension of television and telephone privilege does not amount to constitutional violation), <u>aff'd</u>, 109 F.3d 557 (9th Cir. 1997), <u>cert</u>. <u>denied</u>, 522 U.S. 921 (1997). Additionally, neither prisoners nor would-be visitors have a constitutional right to visitation. <u>White v. Keller</u>, 438 F.Supp. 110, 115 (D.Md.1977) (but leaving open the possibility that a permanent ban on all visitation could implicate the Eighth Amendment), <u>aff'd</u>, 588 F.2d 913 (4th Cir.1978); <u>see</u> <u>also</u> <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 461, (1989) (finding no right to visitation guaranteed by the Due Process Clause). Canteen access is also not a protected liberty interest. <u>See e.g.</u> <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir.1997) (holding that commissary restrictions did not entitle inmate to due process protections during disciplinary proceeding); <u>Bennett v. Cannon</u>, C/A No. 2:05-2634-GR, 2006 WL 2345983, at *2 (D.S.C. Aug.10, 2006) ("[t]here is simply no freestanding constitutional right to canteen privileges at all").

**3.**    **Conditions of Confinement**

Plaintiff appears to allege that the sanctions imposed as a result of his disciplinary conviction constituted cruel and unusual punishment. Defendant contends that he is entitled to

summary judgment as to Plaintiff's Eighth Amendment claims because Plaintiff has not shown that he suffered a serious or significant physical or mental injury as a result of his disciplinary convictions, fails to show a serious deprivation of a basic human need, and has not shown a vested interest in his detention status.

The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81.

Plaintiff fails to show that his constitutional rights were violated with regard to his living conditions. First, he has shown no serious or significant physical or emotional injury resulting from

the alleged conditions.  Further, he fails to show that subjectively the prison officials acted with a sufficiently culpable state of mind.

####    4.     Respondeat Superior

Defendant contends that Plaintiff fails to allege any specific fact, act, or omission on the part of Defendant and Plaintiff's claims may not be premised on the doctrine of respondeat superior.  The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982).  Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization.  Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Defendant Ozmint was personally responsible for any of the alleged incidents or acted in any way other than a supervisory role.  Further, Plaintiff has not shown that Ozmint was deliberately indifferent to, or tacitly authorized, any of the alleged actions or inactions of SCDC employees. Thus, Plaintiff fails to show that Defendant Ozmint is liable on a theory of respondeat superior or supervisory liability.

####    5.    **Official Capacity**

Ozmint contends that claims against him in his official capacity are actually claims against the SCDC and should be dismissed.  In his official capacity, Defendant was acting as a state official and was, accordingly, the alter ego of the State of South Carolina.  "Official capacity suits

... generally represent only another way of pleading an action against an entity of which the officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted). In other words, a state official sued in his official capacity is the alter ego of the State of South Carolina, and as such, is not subject to suit pursuant to 42 U.S.C. § 1983 because the state is not a "person" amenable to suit for monetary damages under § 1983. Will v. Michigan State Police, 491 U.S. 58, 71 (1989).

## 6. **Qualified Immunity**

Defendant contends that he is entitled to qualified immunity in his individual capacity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Id. at 818.

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff has failed to show that Defendant violated any of his clearly

established constitutional or statutory rights.  Therefore, Defendant is entitled to qualified immunity in his individual capacity.

## **CONCLUSION**

Based on review of the record, it is recommended that Defendant's motion for summary judgment (Doc. 16) be granted.  It is also recommended that Plaintiff's motion to strike (Doc. 14), motion for contempt (Doc. 31), motion for summary judgment (Doc. 32), and motion for entry of default (Doc. 34) be denied.

_____
Joseph R. McCrorey
United States Magistrate Judge

February 5, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).